### 10811.    SMITH v. THE STATE.

BROYLES, C. J.    1. The single excerpt from the charge of the court complained of, while slightly inaccurate and perhaps inapplicable to a case of assault with intent to rape, does not, under all of the facts of the case and the entire charge of the court, require a new trial. The charge of the court was a very exhaustive and fair presentation of the law of the case, and clearly and fully presented all the contentions of the defendant, and gave him the benefit of all the defenses offered or which could have been offered by him.

2. The verdict was amply authorized by the evidence, and the court did not err in overruling the motion for a new trial.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
> DECIDED NOVEMBER 4, 1919.

Indictment for assault with intent to rape; from Wilcox superior court—Judge Gower.  July 8, 1919.

The instruction referred to in the decision was as follows: "I charge you further that if any threats of violence have been shown to your satisfaction beyond a reasonable doubt, that such threats of violence or serious physical and bodily harm, if so shown to your satisfaction beyond a reasonable doubt, may be sufficient to overthrow the will of the woman, and no actual force would be necessary to constitute the offense as charged, if all the other elements of the offense are shown to your satisfaction." It was contended that this was error because applicable only to cases in which the charge is rape and in which the evidence shows consummation of the rape,

and not to cases in which merely an attempt to commit rape is charged and the woman did not yield either to force or threats. It was further contended that the province of the jury was invaded by the instruction that such threats "may be sufficient," etc.

*Eldridge Cutts, M. B. Cannon,* for plaintiff in error.

*J. B. Wall, solicitor-general,* contra.